UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DELVIN C. SAMUELS, II          ]
    Plaintiff,             ]
                               ]
v.                             ]    No. 3:15-0265
                               ]    Senior Judge Haynes
METRO NASHVILLE GOVERNMENT,    ]
et al.                         ]
    Defendants.            ]

# MEMORANDUM

Plaintiff, Delvin C. Samuels, II, an inmate at the Davidson County Criminal Justice Center in Nashville, filed this pro se action against the Defendants: Metropolitan Government of Nashville and Davidson County; Karl Dean, Mayor of Nashville; Steve Anderson, Chief of the Metro Nashville Police Department; three Metro detectives; and the State of Tennessee. Plaintiff seeks injunctive relief and damages for his alleged illegal arrest.

According to his complaint, on March 17, 2014, Plaintiff was arrested by members of the Metro Nashville Police Department. Plaintiff alleges that he was "illegally arrested without an arrest warrant." The complaint is silent whether the Plaintiff is a pre-trial detainee or whether he has been convicted of a crime. If the Plaintiff has already been convicted of a crime and his claims would in some way suggest that he had been wrongly convicted, he is entitled to no relief until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's

1

issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Nowhere in the complaint does it suggest that the Plaintiff has already successfully tested the validity of his confinement in either a state or federal court. Therefore, as a convicted felon, Plaintiff's claims would not yet be ripe for adjudication.

On the other hand, if the Plaintiff is a pre-trial detainee who has not yet been convicted of a crime, the Court must abstain from interfering with an ongoing state criminal proceeding until that proceeding has reached its conclusion. Younger v. Harris, 401 U.S. 37 (1971).

Accordingly, the Court finds that the Plaintiff, regardless of his confinement status, has not yet offered an actionable claim ripe for adjudication. In the absence of such a claim, the Court is obliged to dismiss the instant action without prejudice *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate Order is filed herewith.

**ENTERED** this the ___6th___ day of April, 2015.

William J. Haynes, Jr.
Senior United States District Judge